JUSTICE TRIEWEILER
dissenting.
I dissent from the majority opinion. I conclude that the supervision fee imposed on Craig William Frazier nearly seven years after the commission of his crime is indistinguishable from the additional restitution ordered in State v. Leistiko (1992), 256 Mont. 32, 844 P.2d 97, and that the same result is compelled by the reasoning in that case.
We held in Leistiko that:
We use a two-part test to determine whether a statute violates the ban on ex post facto laws: (1) the law must be retrospective, and (2) it must disadvantage the offender affected by it. Miller v. Florida (1987), 482 U.S. 423, 430, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351, 360-61. A law is retrospective if it changes the legal consequences of actions committed before its effective date. Miller, 482 U.S. at 430, 107 S.Ct. at 2451.
Leistiko, 256 Mont. at 36-37, 844 P.2d at 100.
In Leistiko the district court ordered that the defendant pay additional restitution to his victim pursuant to a change in the law which occurred after his conviction. We held that the order requiring additional restitution violated the prohibition against ex post facto laws because it added $10,000 to the cost of his crime and placed an additional condition on his parole which could subject him to addi *88 tional incarceration. Leistiko, 256 Mont. at 37, 844 P.2d at 100. Both of those circumstances also exist in this case.
The supervisory fee imposed on Frazier was retrospective because it changed the legal consequences of crimes he committed before the effective date of the fee. It disadvantaged Frazier because it increased the legal cost of his crime by an amount in excess of $5000. Furthermore, contrary to the representations of the Montana State Department of Corrections, which the majority opinion accepts at face value, Frazier was served with a notice by his probation and parole officer that if he did not pay the supervisory fee he could have his “probation/parole revoked.” Therefore, both of the conditions which this Court found controlling in Leistiko exist in nearly the exact form in this case.
The majority attempts to distinguish this case from Leistiko on the grounds that Frazier is not being punished by the supervisory fee, but is merely helping to pay the cost of his supervision. Neither was Leistiko being punished by the requirement that he pay restitution. He was merely helping to pay his victim for the consequences of his crime. In this case, the State is being reimbursed. In Leistiko, the victim was being reimbursed.
The majority opinion attributes some significance to the fact that it was not the Legislature’s intent to punish those parolees who are required to pay thousands of dollars in supervision fees even though that requirement was not in existence at the time of their crimes. The Legislature’s intent is not relevant to our constitutional analysis of whether § 46-23-1031(l)(a), MCA, violates Article II, Section 31, of the Montana Constitution, which prohibits ex post facto laws.
There is no practical basis on which to distinguish the facts in this case from the facts in Leistiko. There is no justification for refusing to apply the test for ex post facto laws which we have previously articulated to the facts in this case.
For these reasons, I dissent from the majority opinion.
JUSTICE HUNT joins in the foregoing dissenting opinion.